# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE J. SHAW, TYRONE M. WESLEY, LEVELT MUGRAVES, MICHAEL L. MOORE, JARMAL NELSON, SAUL CORREA, DANIEL SABAH, and MARK PRATHER,

Plaintiffs,

v.

PAUL S. KEMPER, JASON WELLS, STEPHANIE ONEIL, LIEUTENANT CRUZ, LEAH M. ZENI, EMILY DAVIDSON, CINDY ODONNELL, and JOHN/JANE DOE 1–21,

Defendants.

Case No. 21-CV-622-JPS

**ORDER**

The pro se Plaintiffs—a group of inmates at Racine Correctional Institution—filed a complaint alleging that Defendants violated their First, Fifth, Eighth, and Fourteenth Amendments rights. (Docket #1). Plaintiffs filed a motion for class certification, (Docket #3), and a motion to appoint counsel, (Docket #2). Additionally, most Plaintiffs have filed a letter stating an objection to paying the filing fee. (Docket #12, #14, #16, #18, #20). This order resolves Plaintiffs' motion for class certification, motion to appoint counsel, and issues regarding payment of filing fees.

1.  **Motion for Class Certification**

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the class must be provided adequate representation. Because of this requirement, courts have repeatedly declined to allow pro se prisoners to represent a

class in a class action. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned pro se litigant to represent his fellow inmates in a class action); *Caputo v. Fauver*, 800 F. Supp. 168, 169–70 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). Because Plaintiffs are not represented by a lawyer, the motion for class certification will be denied at this time. This denial will be without prejudice and subject to being renewed should counsel later appear to represent plaintiff(s)'s interests.

  2.  **Motion to Appoint Counsel**

Plaintiffs attempt to remedy their inability to provide legal representation for the class by asking the Court to appoint counsel for the class. (Docket #2, #4). As a civil litigant, plaintiffs have "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent a plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote,* 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to the Court's

discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

Plaintiffs' motion must be denied at this juncture, as they have submitted no evidence that they have made any attempts—much less reasonable attempts—to secure their own counsel. To satisfy this Court that they have made reasonable attempts to obtain their own counsel, Plaintiffs must contact several lawyers requesting representation and provide copies of the letters they receive from such lawyers denying the request. On this ground alone, the motion must be denied without considering Plaintiffs' arguments about the complexity of the case or their particular need for the aid of counsel.

### 3. Filing Fees

In this case, Plaintiff Shaw has paid the full $402.00 filing fee. However, none of the other Plaintiffs have paid the filing fee or filed a motion to proceed *in forma pauperis*. Instead, those Plaintiffs have filed letters stating that each prisoner plaintiff does not need to pay a separate filing fee because Shaw already paid the full filing fee. (Docket #12, #14, #16, #18, #20). Plaintiffs' letters misstate the law regarding multiple prisoner plaintiff filing fees and the law regarding plaintiff signatures on filed documents. The Court provides a correct statement of the applicable law below.

The total cost of filing a civil action is $402.00, which includes the $350.00 statutory filing fee and a $52.00 administrative fee. However, the $52.00 administrative fee does not apply to persons granted *in forma pauperis* status. Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner plaintiff proceeding *in forma pauperis* is required to pay the statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1).

Additionally, in a multiple plaintiff prisoner case, each prisoner proceeding in forma pauperis is required to pay the statutory filing fee of $350.00. *See Boriboune v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004).

The general statute addressing filing fees is 28 U.S.C. § 1914(a), which states that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." In *Boriboune*, the Seventh Circuit considered this statute's applicability in the context of lawsuits filed by prisoners. The Seventh Circuit held that although generally 28 U.S.C. § 1914(a) requires only one filing fee for each case filed, lawsuits filed by prisoners require one filing fee for each prisoner because 28 U.S.C. § 1915(b) comes into play, a statute that "specifies a per-litigant approach to fees." *Boriboune*, 391 F.3d at 856. Thus, each of the prisoner Plaintiffs in this case must either pay the full $402.00 filing fee or file a motion to proceed *in forma pauperis*.

Additionally, when multiple unrepresented plaintiffs file a case together, Federal Rule of Civil Procedure 11 requires all of the plaintiffs to sign each paper the plaintiffs submit to the court. *See Boriboune*, 391 F.3d at 855. The only Plaintiff to sign the complaint is Shaw. Thus, all other Plaintiffs must sign the complaint. In sum, it remains necessary for Plaintiffs to sign and re-file the complaint. Additionally, any Plaintiff, besides Shaw, who wishes to proceed in this case will be required to file a motion to proceed *in forma pauperis* and submit a certified trust account statement for the six-month period immediately preceding the filing of the complaint, or to pay the full $402.00 filing fee.

Of note, any Plaintiff that does not sign the complaint and/or does not file a motion to proceed *in forma pauperis* or pay the full $402.00 filing

fee by **July 7, 2021**, will be dismissed from the case without prejudice. Civ. L.R. 41(c).

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to appoint counsel (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion to certify class (Docket #3) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that all Plaintiffs wishing to proceed jointly in this case must sign and file one complaint by **July 7, 2021**; and

**IT IS FURTHER ORDERED** that Plaintiffs Tyrone M. Wesley, Levelt Mugraves, Michael L. Moore, Jarmal Nelson, Saul Correa, Daniel Sabah, and Mark Prather must each file a motion to proceed *in forma pauperis* and submit a certified trust account statement for the six-month period immediately preceding the filing of the complaint or pay the full $402.00 filing fee by **July 7, 2021**; failure to do so will result in their dismissal from the case without prejudice.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge